[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #110 MOTION FOR MODIFICATION
A hearing was held in this matter on February 24, 2003. On said date the parties hereto presented evidence concerning the defendant's Motion for Modification of Child Support.
In a Motion for Modification dated October 21, 2002, the Movant Ms. Winfield alleges that the circumstances concerning this case have changed substantially in that:
The father leaves daughter with Christine Anderson on daily basis from morning till night. Father claims he has 3 jobs, this is not true just wants to run the streets.
The record of this matter indicates that on November 11, 1999, the parties hereto entered into a Stipulated Agreement that provides in pertinent part that:
1) The above referenced parties agree to share joint custody of their daughter (Tianna Lovett 1-18-97). Primary residence of the child will be with the plaintiff father.
2) The defendant mother shall have access every weekend from Friday evening until Sunday evening. If unable to provide direct child care on her weekend Ms. Winfield will provide Mr. Lovett with at least (24) [hours] advance notice . . .
The Movant is seeking to have the custody modified as follows:
Mother to have child live with her/father bi-weekly visits . . . Primary residence to be with mother/father have bi-weekly visits on weekend.
Section 46b-56 of the Connecticut General Statutes concerns custody and support orders. Subsection 46b-56 (b) provides that: CT Page 2842
In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference, provided in making the initial order . ..
The instant motion before the Court concerns a modification of the existing custody arrangements.
The authority to render orders concerning custody and visitation is found in General Statutes § 46b-56, which provides in relevant part: `(a) In any controversy before the Superior Court . . . the court may at any time make or modify any proper order regarding . . . custody and visitation . . .' [Section 46b-56] further provides that in `modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child . . .' General Statutes §46b-56 (b). [Our Supreme Court] has limited the broad discretion given the trial court to modify custody orders under General Statutes §46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child . . . or a finding that the custody order sought to be modified was not based upon the best interests of the child . . .
To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it . . .
Berglass v. Berglass, 71 Conn. App. 771, 782 (2002).
The Court heard testimony from various individuals, including but not limited to the Movant, the Plaintiff Mr. Lovett and Ms. Anderson.
The Movant has alleged and testified that the Plaintiff leaves their daughter with Christine Anderson on a "daily basis from morning til night." Ms. Anderson testified that the minor child does indeed spend time with her. She also testified that she is the mother of the minor child's half sibling and that the children spend time together on a regular basis.[1] However the actual time actually spent at her residence on a regular basis is one to a few times a week. This Court found the witness' testimony to be credible and convincing. The Court further finds that it is in the best interests of the minor child for her to spend some time on a regular basis with her sibling. CT Page 2843
After having heard from all of the witnesses who testified in this matter and evaluating their credibility, as well as having weighed all of the credible evidence that was presented during said hearing, this Court finds that the more credible and convincing evidence indicates that the movant has failed to meet her burden of proof to show that:
1) It is in the best interest of the subject minor child to grant the requested change in custody; or
2) That the custody order sought to be modified was not based upon the best interests of the child; or
3) There was a change in circumstances concerning the custody of the minor child since the last order custody order was entered such that it would be unjust or inequitable to hold either party to it.
Whereas the moving party has failed to sustain her burden of proof in this matter, the Motion for Modification is denied.
 Richard Allan Robinson, J. February 28, 2003